# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

LANDMARK LEGAL FOUNDATION
19415 Deerfield Ave, Ste 312
Leesburg, VA 20176

       Plaintiff,

vs.

DEPARTMENT OF HEALTH AND HUMAN
SERVICES
200 Independence Ave., SW
Washington, DC 20201

       Defendant.

Case No. _____

## COMPLAINT
### (COMPLAINT FOR DECLARATORY RELIEF)

Plaintiff Landmark Legal Foundation ("Landmark"), by and through undersigned counsel, brings this action against the U.S. Department of Health and Human Services ("HHS" or "the Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 *et seq.*, seeking declaratory and other relief to enjoin HHS to produce requested documents.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and § 552(a)(6)(c)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

1

## PARTIES

3. Plaintiff Landmark Legal Foundation is a nonprofit organization created under the laws of Missouri with offices in Leesburg, Virginia and Kansas City, Missouri.

4. Landmark is a national public interest law firm committed to preserving the principles of limited and ethical government, separation of powers, federalism, strict construction of the Constitution and individual rights.  Among Landmark's primary activities is the dissemination of information to the public about the conduct of governmental agencies and public officials that runs afoul of constitutional limits or ethical standards.

5. Defendant HHS is a federal agency of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  HHS's headquarters is located at 200 Independence Ave., NW, Washington, D.C.

## LANDMARK'S FOIA REQUEST

6. On July 16, 2013, Plaintiff submitted a Freedom of Information Act request seeking production of records relating to HHS employee's use of personal email, text or other private communication.  (Exhibit 1, Landmark FOIA Request, attached hereto and incorporated herein by reference.)

7. Pursuant to 45 C.F.R. 5.21, Plaintiff submitted the Request to defendant HHS's FOIA Officer.  (Exhibit 1.)

9. Plaintiff sought a waiver of search, review, and reproduction fees pursuant to the FOIA and DOL regulations under 5 U.S.C. § 552(a)(4)(A)(iii) and 45 C.F.R. 5.45.

10. Plaintiff also requested expedited processing of its request because it is an entity "primarily engaged in disseminating information" and has an "urgency to inform the public

concerning actual or alleged Federal Government activity" under 5 U.S.C. § Section 552(a)(6)(E)(v)(ii).

11. By letter, dated July 31, 2013, HHS acknowledged receipt of Landmark's FOIA Request. (Exhibit 2.)

12. By letter, dated February 10, 2014, HHS informed Landmark that "no records exist relating to the information you requested within [HHS]." (Exhibit 3.)

13. On February 27, 2014, Landmark submitted a letter of inquiry to Mr. Garfield Daly, Government Information Specialist, in the Department's FOI/Privacy Acts Division's Office of Public Affairs. (Exhibit 4, "February 27, 2014 Letter".)

14. In the February 27, 2014 Letter, Landmark asked five questions: (1) What direction was given to identified agency personnel regarding performing a search of whether they were in possession of records evincing the use of personal email (or text message or instant message) to conduct agency business? (2) What type of search was performed by your office for responsive records? (3) What search terms were utilized to identify responsive records? (4) What repositories of information were searched to determine whether responsive records existed? (5) Were identified agency personnel asked to search their personal email databases for responsive records? (Exhibit 4.)

15. On March 4, 2014, Garfield Daly responded, via email, to Landmark's inquiry. . (Exhibit 5, "Garfield Email.")

16. In responding to Landmark's inquiry as to whether agency personnel were asked to search their personal email databases, Mr. Garfield responded, "The [Office of Chief Information Officer] OCIO informed our office that there is no formal mechanism for requesting or approving alternate email address and it simply cannot know what requests might have been made." (Exhibit 5, "Item No. 1".)

17. Mr. Garfield's letter also stated, "Perhaps a search by the approximately 242 all political employees can be performed, but this may be very long and tedious. All 242 may have to perform

the search themselves, unless the OCIO has some form of ticket number for specific requests." (Exhibit 5, "Item No. 5".)

18. On March 9, 2014, Landmark submitted an Administrative Appeal to HHS. (Exhibit 6.)

19. In its Administrative Appeal, Landmark informed the Department that Mr. Garfield's admission that a search of applicable officials' "can be performed" obligated HHS to direct those officials to search their personal emails and personal communication devices for records responsive to Landmark's Request.

20. Failing to complete an adequate search for responsive records under the rationale that such a search "may be very long and tedious" does not constitute a proper justification under FOIA.

21. On May 2, 2014, Landmark submitted a letter to HHS requesting an update as to the status of its March 9, 2014 Administrative Appeal. (Exhibit 7.)

22. To date, HHS has not responded to either Landmark's Administrative Appeal or its May 2, 2014 inquiry.

23. More than 20 days (excluding Saturdays, Sundays and legal holidays) have elapsed since Landmark's Administrative Appeal.

24. Pursuant to 5 U.S.C. § 552(a)(6)(E), Landmark has exhausted all administrative remedies.

## CAUSES OF ACTION

25. Defendant's failure to promptly make available the records sought by Landmark's FOIA request violate the FOIA, 5 U.S.C. § 552(a)(3)(A), and defendant's corresponding regulations.

26. Defendant's failure to timely respond to Landmark's Administrative Appeal violates the FOIA, 5 U.S.C. § 552(a)(6)(A).

27. Defendant's failure to conduct a search reasonably calculated to uncover responsive records violates the FOIA, 5 U.S.C. § 552 et. seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.	Enter an immediate order directing HHS to preserve all records potentially responsive to Plaintiff's FOIA requests and prohibiting HHS, its employees, agents or representatives from transporting, concealing, removing, destroying or in any way tampering with records potentially responsive to Plaintiff's FOIA request;

2.	Enter its order declaring that the HHS:

	a.	has failed to conduct a search reasonably calculated to uncover responsive records;

	b.	immediately order officials covered by Landmark's FOIA Request perform a search of private email servers for responsive records; and

	c.	must process and produce immediately all records responsive to Landmark's FOIA Request;

3.	Award Plaintiff's costs and reasonable attorneys' fees incurred in this action; and

4.	Grant such other relief as the Court may deem just and proper.


DATED: 8 October, 2015	Respectfully Submitted,

	s/ Michael J. O'Neill
	Michael J. O'Neill (DC Bar 478669)
	Landmark Legal Foundation
	19415 Deerfield Ave
	Suite 312
	Leesburg, VA 20176
	703-554-6100
	703-554-6119 (facsimile)